```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
          EASTERN DIVISION
```

| | |
|---|---|
| CHARLENE KOLODY, | |
| Plaintiff, | No. 09 C 2249 |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | Magistrate Judge Arlander Keys |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On July 28, 2011, the Court issued a Memorandum Opinion and Order that granted Plaintiff Charlene Kolody's motion for summary judgment and remanded her case to defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), to reconsider the onset date of her disability under provisions of Titles II and XVI of the Social Security Act. *See Kolody v. Astrue,* No. 09 C2249, (N.D. Ill. July 29, 2011). Claimant, Charlene Kolody, has filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412, on the basis that the government's position before this court was not substantially justified. The Commissioner opposes the motion.

The EAJA provides that the court shall award to the prevailing party fees and other expenses incurred by that party

in any civil action, including proceedings for judicial review of agency action, brought against the United States unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412 (d)(1)(A). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

The Court's remand made Ms. Kolody the "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). However, under the EAJA the prevailing party cannot collect attorney fees "if a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in law and fact." *Bassett v. Astrue*, 641 F.3d 857 (7th Cir. 2011), citing: *Marcus v. Shalala*, 17 F.3d 1033, 1035 (7th Cir. 1994).

The Commissioner bears the burden of proving that the decision was substantially justified. *Scarborough v. Principi*, 541 U.S. 401 (2004). The standard for substantially justified requires that the decision had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Losing on the merits does not render the administration's

2

decision unjustified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1998).

The ALJ found that, prior to October 1, 2004, the Plaintiff had the Residual Functional Capacity (RFC) to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b), because her physical impairments failed to meet the criteria set forth at Listing 1.04. (R. at 22). Furthermore, the ALJ found that Plaintiff's mental disorders failed to meet the criteria set forth at 12.04 and 12.06. (*Kolody* at 22). The ALJ concluded that the Plaintiff was not disabled from the alleged onset date of May 1, 2003 to September 30, 2004, because the Plaintiff's testimony about the onset date of her disabling condition was not credible. (R. at 22). (S.S.A.), 3. On review, the Court found that the ALJ's analysis of the Plaintiff's credibility was reasonable because "the ALJ thoroughly explained her decision regarding the Plaintiff's credibility, and she correctly applied the required legal analysis during this evaluation." (*Kolody* at 37) The ALJ's decision was well articulated because the ALJ referenced specific parts of the Plaintiff's medical records, analyzed the Plaintiff's credibility for three pages, and did not use "boilerplate language" or make a "conclusory determination." (*Kolody* at 35). "Therefore, the ALJ's credibility determination was not patently wrong." (*Kolody* at 37).

3

Nonetheless, the Court remanded the case because the ALJ had not correctly evaluated the Plaintiff's disability onset date according to *SSR 83-20,* which describes "the relevant evidence to be considered when establishing the onset date of disability." See *SSR* 73029,1983 WL 31249 (S.S.A.) The ALJ's determination should be based on whether the claimant's alleged onset date was consistent with the evidence of record. Rather, the ALJ improperly required objective evidence of disability. (*Kolody* at 29)

Ms. Kolody contends that the ALJ's decision was not substantially justified because the ALJ failed to analyze the Plaintiff's disability onset date within the criteria set forth by SSR 83-20; thus, the decision violated the Commissioner's rulings and regulations and the Commissioner's position did not have a reasonable basis in law. (Pl.'s brief at 3, 5, and Reply at 3.) The Commissioner argues that the decision was "substantially justified" within the meaning of the EAJA because the "issue necessitating remand was not so pervasive as to render the Commissioner's overall position unreasonable." (Def.'s Response brief at 1). Further, the Commissioner argues that the ALJ erred only by inadequately explaining the reasons for rejecting the Plaintiff's claimed onset date. (Def.'s Response brief at 5). This, the Commissioner claims, is at most an

"articulation error" which should "not taint the Commissioner's position." (Id., citing *Bassett* at 860.)

The Commissioner's argument incorrectly applies *Basset* because the ALJ improperly "ignor[ed] or mischaracterize[ed] a significant body of evidence." *Basset* at 860; citing *Golembiewski v. Barnhart*, 392 F.3d 721, 724 (7th Cir. 2004) The ALJ's error was in not applying the right standard *SSR 83-20*; it was not one of articulation. The ALJ must follow clearly established statutory and court precedent.

The ALJ should have determined whether the medical and other evidence contradicted Ms. Kolody's claim, but instead the ALJ required the claimant to show that there was medical evidence to support her alleged onset date. The lack of medical examination at the time of alleged onset should not prohibit the ALJ from finding the Plaintiff's allegation credible because "it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." (*SSR 83-20*, 1983 WL 31249.) Indeed, the Plaintiff's alleged onset date was consistent with the testimony of the Medical Expert (ME) which was the only objective evidence available. (*Kolody* at 29). During the hearing, the ME testified that Plaintiff's complaints of physical pain for two years prior to October 2004 were consistent with the alleged May 2003 onset date. (R. at 32).

"It is not reasonable for the ALJ to find that a condition does not exist at all" merely because the evidence establishing its existence is "small." *Golembiewski v. Barhart*, 382 F.3d 721, 725 (7th Cir. 2004). Therefore, it was not reasonable for the ALJ to dismiss plaintiff's claim of pain beginning in 2003 and the doctor's corroboration of her pain.

The ALJ should have given Plaintiff's alleged onset date of May 2003 controlling weight because *SSR 83-20* requires that the ALJ "in determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." *SSR 83-20*, 1983 WL 31249 (S.S.A.)3. Even though the ALJ properly articulated her reasons for rejecting Plaintiff's credibility, she failed to use the date alleged which was consistent with all the evidence available.

The ALJ's failure to apply the standard of *SSR 83-20* was "more egregious than just a run-of-the mill error in articulation." *Bassett* at 860. When "the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations" the Commissioner's position is not substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) Based on this error in analysis and violation of judicial precedent, a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion did not have a rational

basis in law and fact. Therefore, the Court finds that the Commissioner's position was not substantially justified, and thus Ms. Kolody prevails on her claim for attorney fees under the EAJA.

Ms. Kolody's counsel, Mr. Barry Alan Schultz, seeks fees in the amount of $6,018.00, at an hourly rate of $170. This is the hourly rate for the Chicago area based on the Consumer Price Index for the month of July 2010, the period when counsel worked the most on Plaintiff's case. The Commissioner contends that the awarded fees should be paid to Ms. Kolody and not to her attorney, as any award "would be subject to a federal administrative offset in the event that Kolody has outstanding federal debts. *Astrue v. Ratliff*, 130 S.Ct. 2521,2526-27 (2010)." However, the Seventh Circuit in *Matthews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011) has interpreted the Supreme Court *Ratliff* opinion, which the Commissioner seeks to rely upon, to allow direct payment to counsel, so long as the Commissioner has not alleged that the plaintiff in fact owes a federal debt for which any EAJA award may be subject to offset. Because the Commissioner has not alleged in this case that Ms. Kolody owes a federal debt, any award of fees is appropriately made payable to counsel pursuant to the assignment set forth in the fee agreement. Thus, consistent with the EAJA, the Court finds Mr. Schultz's billing appropriate and grants the attorney fees

requested, payable to Barry A. Schultz in the amount of $6,018.00.

## Conclusion

For the reasons set forth above, the application for attorney fees filed by counsel for Ms. Kolody is granted. The Court awards fees under the EAJA payable to Barry A. Schultz in the amount of $6,018.

Dated: April 25 , 2012

E N T E R E D:

*Arlander Keys*

ARLANDER KEYS

United States Magistrate Judge